**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

|  |  |  |
|---|---|---|
| DEPAUW UNIVERSITY, | : | CASE NO.: 2:05-cv-0249-RLY-WGH |
| Plaintiff, | : |  |
| vs. | : |  |
| HENNESSEE GROUP LLC, CHARLES GRADANTE and E. LEE HENNESSEE, | : |  |
| Defendants. | : |  |

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF *IN PERSONAM*
JURISDICTION AND IMPROPER VENUE OR, IN THE ALTERNATIVE,
MOTION TO TRANSFER ACTION TO THE SOUTHERN DISTRICT OF NEW YORK**

Defendants Hennessee Group, LLC ("Hennessee Group"), Charles Gradante and E. Lee Hennessee (collectively, "Defendants"), pursuant to Rule 12(b)(2), 12(b)(3), Federal Rules of Civil Procedure, and 28 U.S.C. §§ 1404(a) and 1406(a) (2004), and without subjecting themselves generally to the jurisdiction of this Court, move for the entry of an Order dismissing this action for lack of *in personam* jurisdiction and improper venue or, in the alternative, transferring the action to the Southern District of New York.

1. On or about October 10, 2005, Plaintiff Depauw University ("Plaintiff"), an Indiana resident, filed the Complaint against Defendants, all domiciliaries of New York. The Complaint purports to allege a violation of Section 10b of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (2004), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5 (2004), a violation of Indiana's blue sky statute, breach of contract and breach of fiduciary duty.

2. Compelling reasons serve as a basis to dismiss this action. First, the Court lacks

personal jurisdiction over Defendants, all domiciliaries of New York. Although current Seventh Circuit law would allow this Court to assert personal jurisdiction over Defendants under a nationwide service of process statute, that approach has been called into question by the United States Supreme Court. See <u>Insurance Corp. of Ireland, Ltd. v. Compagnie</u>, 456 U.S. 694, 102 S. Ct. 2099 (1982).

    a) Specifically, the Due Process Clause of the Fifth Amendment precludes a finding of personal jurisdiction, pursuant to 15 U.S.C. § 78aa (2004), because requiring Defendants to defend against Plaintiff's allegations in the present forum offends the traditional notions of fair play and substantial justice.

    b) Furthermore, the forum state lacks an interest in resolving this dispute given that no independent basis for personal jurisdiction exists under Indiana's long-arm statute and Defendants do not have minimum contacts with the forum. Indicia of general or special jurisdiction of this Court do not exist and otherwise subjecting Defendants to the jurisdiction of this Court would violate the Due Process Clause of the Fourteenth Amendment.

    3.    Plaintiff's Complaint must also be dismissed because venue is improper in the Southern District of Indiana. Section 78aa provides the basis for venue in actions brought under Section 10b of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder. Under Section 78aa, venue is proper in any district where Defendants were found, Defendants inhabit, Defendants transact business or in a district in which the alleged violation occurred.

    a) Defendants, non-residents of Indiana, do not maintain offices in Indiana, do not actively solicit business or advertise in Indiana, do not have any clients in Indiana, other than Plaintiff, and were not found in Indiana.

b) Throughout the business relationship between Plaintiff and Defendants, all meetings and other interactions between the same occurred in locations outside of Indiana. At Plaintiff's request, all materials and correspondence were sent by Defendants in New York to a representative of Plaintiff at addresses outside of Indiana.

c) Additionally, the investment accounts at issue in this case were located in Illinois. All transactions in which Hennessee Group advised DePauw were executed for the benefit of these Illinois accounts, including the transactions in the Bayou No Leverage Fund, the hedge fund at issue in the Complaint. Furthermore, all fees received by Hennessee Group originated from these Illinois accounts. Clearly, the aggregate facts establish that venue is improper in the Southern District of Indiana. Thus, the Complaint must, pursuant to 28 U.S.C. § 1406(a), either be dismissed or, "if it be in the interests of justice," transferred to the Southern District of New York.

4. Even assuming that this Court determines that jurisdiction and venue are proper, Defendants request that the Court, pursuant to 28 U.S.C. § 1404(a), transfer the action to the Southern District of New York because there is compelling proof that the convenience of the parties, the witnesses and the interests of justice are best served by litigating this matter in the Southern District of New York.

WHEREFORE, Defendants respectfully request that the Court enter an Order dismissing this action or, in the alternative, transferring the action to the Southern District of New York.

In support of this Motion, Defendants submit their supporting brief and the affidavits of Charles Gradante and E. Lee Hennessee, attached hereto as Exhibits A and B, respectively.

Respectfully submitted,

| | |
|---|---|
| s/Lee B. McTurnan | s/Bennett Falk |
| s/Anne Cowgur | s/Matthew Wolper |
| | |
| Lee B. McTurnan | Bennett Falk |
| Wayne C. Turner | Brian Amery |
| Anne L. Cowgur | Matthew Wolper |
| MCTURNAN & TURNER | BRESSLER, AMERY & ROSS, P.C. |
| 2400 Market Tower | 2801 SW 149th Avenue, Suite 300 |
| 10 West Market Street | Miramar, Florida 33027 |
| Indianapolis, Indiana 46204 | |

Attorneys for Defendants Hennessee Group
LLC, Charles Gradante and E. Lee Hennessee

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of January, 2006, a copy of the foregoing Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, Motion to Transfer Venue to the Southern District of New York was filed electronically. Notice of this filing will be sent to the following persons by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      David K. Herzog
      Matthew T. Albaugh
      Baker & Daniels
      300 North Meridian Street, Suite 2700
      Indianapolis, Indiana 46204

      _____s/Anne L. Cowgur_____
      An Attorney for Defendants Hennessee Group,
      LLC, Charles Gradante, and E. Lee Hennessee