UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEPAUW UNIVERSITY, ) | CASE NO.: 2: 05-cv-0249-RLY-WGH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| HENNESSEE GROUP LLC, ) | |
| CHARLES GRADANTE and ) | |
| E. LEE HENNESSEE, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF *IN PERSONAM* JURISDICTION AND IMPROPER VENUE OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK**

Defendants Hennessee Group, LLC ("Hennessee Group"), Charles Gradante and E. Lee Hennessee (collectively, "Defendants"), pursuant to Indiana Local Rule 7.1(a), file their Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss for Lack of *In Personam* Jurisdiction and Improper Venue or, in the Alternative, Motion to Transfer Venue to the Southern District of New York.

**PRELIMINARY STATEMENT**

On or about January 6, 2006, Defendants filed their Motion to Dismiss for Lack of *In Personam* Jurisdiction and Improper Venue or, in the Alternative, Motion to Transfer Venue to the Southern District of New York, affidavits and supporting brief (collectively referred to as the "Motion"). Defendants' Motion establishes that the Indiana District Court's exercise of personal jurisdiction, under 15 U.S.C. § 78aa (2004) of the Securities and Exchange Act of 1934, would

have an unjust application under the circumstances of this case because Defendants had insufficient contacts with Indiana and a finding of personal jurisdiction would not comport with the Due Process Clause of the Fifth and Fourteenth Amendments.[1] Defendants further assert that, pursuant to Section 78aa, venue is improper in the Southern District of Indiana because none of the misconduct alleged in the Complaint occurred in Indiana. Alternatively, in the event that the Court determines that jurisdiction and venue are proper in the present forum, the Court should, pursuant to 28 U.S.C. § 1404(a), transfer this matter to the Southern District of New York for the convenience of the parties, the witnesses and in the interests of justice.

On or about January 20, 2006, Plaintiff filed its Opposition to Defendants' Motion to Dismiss or Transfer (hereinafter the "Opposition"). Plaintiff contends that the Indiana court does have personal jurisdiction over Defendants and that venue is proper in the present forum. In support of this proposition, Plaintiff asserts that Hennessee Group and its employees sent "scores" of e-mails and an allegedly fraudulent draft "write-up" of the Bayou Fund that were stored on an internet server located on DePauw's campus in Greencastle, Indiana. From this, Plaintiff surmises that minimum contacts exist for purposes of personal jurisdiction and that the alleged misconduct occurred through these e-mail transmissions that were transmitted through Plaintiff's internet server. Not only is this conclusion unsupported by the cases cited in Plaintiff's Opposition and rejected by other courts, but it defies all logic. To accept Plaintiff's interpretation of this disputed issue would mean that, in this day of advanced technology and internet communication, we are all at the mercy of where a party decides to house its internet server. If this were the case, entities would place their internet servers in jurisdictions in which they preferred to defend against lawsuits or even in foreign jurisdictions.

---

[1] Defendants also maintain that their contacts with Indiana are insufficient to establish personal jurisdiction under Indiana state law and the Due Process Clause of the Fourteenth Amendment.

2

Regardless of whether McGuire's DePauw e-mails were stored on an Indiana server or on a server located in a distant country, Defendants contacts with McGuire were directed to her in locations outside of Indiana and none of the causes of action raised in the Complaint arises from the storage of McGuire's e-mails on Plaintiff's server. These contacts, so heavily relied upon by Plaintiff in both its jurisdiction and venue arguments, are tenuous, at best, and neither satisfies the Fifth nor Fourteenth Amendment Due Process Clause with respect to personal jurisdiction nor the criteria for venue set forth in Section 78aa.

Furthermore, even assuming that this Court finds that personal jurisdiction and venue are proper in the present forum, Plaintiff has not refuted Defendants' position that, under 28 U.S.C. § 1404(a), the Southern District of New York is a more appropriate venue for this case. Indeed, Defendants' Motion establishes that the convenience of the parties, the witnesses and the interests of justice are best served by transferring this case because the Southern District of New York is the situs of material events, the majority of material documents and witnesses are located there and the cost of defending this case in Indiana far outweighs Plaintiff's choice of forum, particularly when McGuire and all of Plaintiff's investment committee members reside in locations outside of the Southern District of Indiana. Finally, throughout sections of McGuire's Affidavit and Plaintiff's Opposition, Plaintiff drastically expands the scope of this Motion with opinion testimony and irrelevant rhetoric about the issues surrounding the Bayou Fund. These issues go to the merits of the case and are well outside the scope of this Motion.

Accordingly, Defendants request that the Court enter an Order granting their Motion to Dismiss for lack of *in personam* jurisdiction and improper venue or, in the alternative, transfer venue to the Southern District of New York.[2]

---

[2] Plaintiff also contends that Defendants' use of the word "litigate" constitutes a waiver of their right to arbitration under the Investment Advisory Agreement. Defendants disagree and expressly reserve all rights afforded to them in

3

**DISCUSSION**

I. **E-MAILS TRANSMITTED THROUGH AN INDIANA SERVER EN ROUTE TO ANOTHER DESTINATION DO NOT SATISFY THE FIFTH AMENDMENT DUE PROCESS CLAUSE OR ESTABLISH THAT THE ALLEGED MISCONDUCT OCCURRED IN INDIANA**

Plaintiff focuses its jurisdictional and venue arguments on the notion that the "scores" of e-mail communication between Hennessee Group and McGuire, including the allegedly fraudulent draft "write-up" of the Bayou No Leverage Fund ("Bayou Fund"), sent to McGuire via e-mail in Chicago, Illinois (all other e-mails were sent to St. Louis, Missouri and Flagstaff, Arizona) are sufficient to establish that jurisdiction and venue is proper in this Court because the e-mails were transmitted through Plaintiff's internet server in Greencastle, Indiana. See Pl. Opposition at pp. 6-8. Plaintiff cites several cases in support of this proposition, none of which actually stands for that proposition. See, e.g., Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc., 205 F.3d 1244 (10th Cir. 2000); EDIAS Software Int'l v. BASIS Int'l, 947 F. Supp. 413 (D. Ariz. 1996); Hall v. LaRonde, 56 Cal. App. 4th 1342 (Cal. Ct. App. 1997). Conversely, the law, although not abundant in this area, holds that the mere passage of an e-mail through a server in a particular state en route to another state is insufficient to establish jurisdiction and venue. Allstate Insurance Co. v. Mathison, No. 02 C 418, 2002 WL 1396951 (N.D. Ill. June 26, 2002).

In Allstate, one of the defendants, a Michigan resident, posing as the CEO of Allstate, nefariously sent approximately 175 e-mails to various Allstate agents in Washington. Allstate, 2002 WL 1396951 at *2. Id. These e-mails, actually sent from Michigan en route to Washington, passed through Allstate's internet server in the Northern District of Illinois, where Allstate is a resident. Id. Allstate filed suit in the Northern District of Illinois for various causes of action under Federal and state law. Id. at *1. The Michigan defendant and her company

---

the Agreement, including the right to compel arbitration at an appropriate time.

moved to dismiss, based on, *inter alia*, lack of personal jurisdiction and improper venue. Id. at *3. Allstate opposed the motion to dismiss on the grounds that a substantial portion of the material events occurred in the Northern District of Illinois since Allstate's internet servers were located in said judicial district. Id. at *4. The court, in granting the defendants' motion to dismiss for improper venue[3] held:

> The complaint alleges that the alleged fraudulent e-mails sent from Michigan passed through Allstate servers in Illinois en route to Washington and that delivery notifications were sent to Allstate's Chief Executive Officer here in Illinois. These allegations are insufficient to establish that venue is proper in this district. All of the challenged conduct occurred in Michigan: the alleged e-mails were sent [sic] an e-mail address from Michigan and falsely designated as being from Liddy in Michigan. <u>The passage of the allegedly fraudulent e-mails through Allstate's server in Illinois while en route to their final destinations is too tenuous to constitute a substantial part of the events giving rise to the action occurred in the Northern District of Illinois.</u>

Id. at *4 (emphasis added). Ultimately, the court granted the defendants' motion to dismiss for improper venue and further held that, pursuant to 28 U.S.C. § 1404(a), a transfer of venue to the Eastern District of Michigan was also appropriate based on the convenience of the defendants' witnesses. Id. at *4-5.

Other district courts have held that the passage of information through a server is insufficient to establish minimum contacts. See, e.g., Amberson Holdings, LLC v. Westside Story Newspaper, 110 F. Supp.2d 332 (D.N.J. 2000) (holding that it is "unreasonable" to assume that the use of an internet server is sufficient to establish jurisdiction and that such a finding would open the door to an unlimited scope of jurisdiction); see also GTE New Media Services Inc. v. Bell South Corp., 199 F.3d 1343 (D.D.C 2000) (holding that a mere posting by a defendant on an internet website that is accessible by residents of the forum state is insufficient

---

[3] The court did not consider Defendants' motion to dismiss for lack of personal jurisdiction because it decided the motion on venue grounds.

to establish personal jurisdiction); Holiday v. 3COM Corp., No. 00-CV-1034-B, 2000 WL 1796535 (D. Wyo. Dec. 1, 2000) (holding the same).

Plaintiff, on the other hand, relies on a string of cases in which the genesis of the various causes of action arose from the unauthorized use of the plaintiffs' internet server or the defendants' intended communication within the forum state. See Intercon, 205 F.3d at 1246-1248 (finding that jurisdiction existed in the state where the server was located because the cause of action arose from the defendant's unauthorized use of the plaintiff's internet server); EDIAS Software, 947 F. Supp. at 415-421 (finding personal jurisdiction where there were, in addition to in-person visits, telephone calls and facsimiles to the forum state, several defamatory e-mails that were intended to reach Arizona residents); Hall, 56 Cal. App. 4th at 1347 (finding that the court had personal jurisdiction under California state law to issue a summons based on substantial e-mail communication directed at the plaintiff, a California resident).

These cases are clearly inapplicable to the facts of this case because, throughout its relationship with Plaintiff, Hennessee Group directed all communication to McGuire in locations outside of Indiana. See Gradante Aff. at ¶¶ 16-19. Additionally, the allegations in the Complaint do not arise from the unauthorized use of Plaintiff's internet server. The fact that an e-mail sent to McGuire happened to be routed through Indiana before it was opened on McGuire's computer in Illinois, Missouri or Arizona is irrelevant, and the fact that McGuire may have opened an e-mail in Indiana or answered her cell phone (which is registered with an Illinois area code) or carried a document into the state on one of her infrequent trips to the university is mere happenstance – or to borrow from Justice Brennan, "random, fortuitous and attenuated." See Burger King Corp., 471 U.S. 462, 475 (1985) (citations omitted).[4]

---

[4] Plaintiff and McGuire also assert that because McGuire pays taxes in Indiana that somehow Plaintiff's jurisdiction and venue argument is more compelling. Although Defendants are not sure how the tax code factors into this

6

The facts of this case are directly analogous to the facts in <u>Allstate</u>, where the alleged fraudulent e-mails were sent from Michigan through a server in Illinois en route to the intended receiver in Washington. McGuire requested that Hennessee Group contact McGuire on her DePauw e-mail account rather than the other e-mail account in which Hennessee Group previously sent messages. <u>See</u> Gradante Aff. at ¶ 16. In accordance with these instructions, Hennessee Group and its representative sent e-mails from New York, including the allegedly fraudulent "write-up" of the Bayou Fund that serves as the basis of the Complaint, to McGuire in locations outside of Indiana. <u>Id</u>. The intended receiver of the e-mails was not an Indiana resident. Notably, the address block included in McGuire's e-mails includes either an Illinois or Missouri address, not Indiana. <u>See</u> Exhibit A.

At the end of the day, Defendants never stepped foot in Indiana, did not transact business in Indiana, did not advertise in Indiana and, other than a preliminary investment proposal sent to Jerry Burroughs that did not result in the Investment Advisory Agreement ("Agreement") and fewer than five sporadic phone calls initiated by McGuire while in Indiana, Hennessee Group has no contacts with the state of Indiana and none of the alleged misconduct occurred there. <u>See</u> Gradante Aff. at ¶¶ 16-19. Furthermore, as established above, the "scores" of e-mails referred to throughout Plaintiff's Opposition fall by the wayside as the Court considers the sufficiency of contacts with Indiana and the situs of material events because they were not addressed or directed to an Indiana resident and the causes of action do not arise from the unauthorized use of Plaintiff's server. <u>See</u> <u>Allstate</u>, 2002 WL 1396951 at *4.

The other contacts referenced by Plaintiff – entering into a contract with and the acceptance of remuneration from an Indiana resident – are unavailing because the Agreement

---

Motion, it should be noted that McGuire also presumably pays income taxes to her resident state.

7

became fully executed in New York[5] and requires the application of New York law, the hedge fund investments at issue in this case were made for the benefit of an Illinois brokerage account and all fees received by Hennessee Group originated from the Illinois accounts. See Gradante Affidavit at ¶ 20. Griffith v. Wood Bro's, No. 04 C 3118, 2004 WL 2418296 (N.D. Ill. Oct. 27, 2004) (holding that contracting with an Indiana resident is insufficient to create personal jurisdiction). Consequently, Plaintiff is left with few contacts, none of which is sufficient to establish that exercising personal jurisdiction in Indiana is reasonable under the circumstances and that venue is appropriate under Section 78aa.

Accordingly, for the reasons set forth above and in Defendants' Motion, Defendants respectfully request that the Court dismiss the Complaint for lack of *in personam* jurisdiction. Additionally, venue is also improper in the Southern District of Indiana and, therefore, the Complaint must, under 28 U.S.C. § 1406(a), either be dismissed or "if it be in the interests of justice," transferred to the Southern District of New York.

## II. THE CONVENIENCE OF THE PARTIES, THE WITNESSES AND THE INTERESTS OF JUSTICE CLEARLY FAVOR TRANSFER OF THIS ACTION TO THE SOUTHERN DISTRICT OF NEW YORK

Plaintiff's Opposition to Defendants' request for transfer to the Southern District of New York focuses, again, on the incorrect supposition that a "substantial portion of the events giving rise to DePauw's claims occurred in or were directed toward [the Southern District of Indiana]" because e-mails and a draft write-up were transmitted to McGuire through Plaintiff's internet server in Illinois. See Plaintiff's Opposition at p. 25.

Plaintiff further asserts that the inconvenience of the parties and witnesses is merely shifted to Plaintiff and that courts do not permit transfer under such circumstances. See Id. at p.

---

[5] Plaintiff acknowledges the fact that a contract was executed between the parties yet ignores the fact that the contract (Agreement) was signed by McGuire in Chicago and became fully executed in New York.

8

26. While Defendants do not dispute this legal principle, Defendants wholeheartedly disagree that the inconvenience is merely shifted. Throughout the entire relationship, Plaintiff was represented by McGuire, a non-resident of Indiana. See Gradante Affidavit at ¶¶ 13, 16. McGuire reported to a ten member investment committee that was, with the exception of two committee members, comprised of non-residents of Indiana. See Exhibit B. Of the two members that reside in Indiana, one resigned from the committee in and around the time the parties entered into the Agreement and the other resides in the Northern District of Indiana.[6] See Id.

Defendants and their employees all reside and/or work in New York. If "the proof in this case will focus entirely on the <u>defendants'</u> conduct" as was articulated by Plaintiff, and neither Plaintiff's committee members nor McGuire resides in the Southern District of Indiana, the inconvenience to Defendants far outweighs any inconvenience realized by Plaintiff or any deference given to its choice of forum. See Pl. Opposition at p. 29; Casey v. Chicago and Northwestern Transportation Co., No. 92 C 3848, 1993 WL 13427 (N.D. Ill. Jan. 20, 1993) (granting § 1404(a) transfer motion where all but one of the potential witnesses for both parties resided outside of the forum district).

Defendants potential witnesses include Charles Gradante, E. Lee Hennessee, Brian Snider, Alex Smith-Ryland, Szeman Li and other current employees as well as Adam Liebman (former employee), James Lahner (former employee), Mike Yelverton (former employee) and other former employees, all of whom reside and/or work in New York. Notably, Plaintiff has identified Mr. Snider (non-party) as being McGuire's primary contact at Hennessee Group. See Pl. Opposition at p. 6. There will be, without a doubt, additional witnesses called by the parties,

---

[6] James Cornelius is the committee member who resigned at or near the time of the Agreement and Ian Rolland, a resident of Ft. Wayne, is in the Northern District of Indiana.

9

including other hedge fund managers and individuals within the industry who will testify regarding the issues in this case. Of the approximately twenty-one hedge funds in which Plaintiff invested, seventeen of the managers – all of whom McGuire visited – are located in New York, Connecticut and New Jersey and within the subpoena power of the Southern District of New York for purposes of trial. Moreover, nearly all depositions of the above-referenced individuals and any related document inspection will take place in the Southern District of New York. Clearly, the convenience of the parties and the witnesses is best served by transferring this case to the Southern District of New York. See Waites v. First Energy Leasing Corp., 605 F. Supp. 219, 222 (N.D. Ill. 1985) (transferring action to Eastern District of New York where the most crucial fact witnesses were located); State Farm Mutual Automobile Insurance Co. v. Estate of Bussell, 939 F. Supp. 646, 651-652 (transferring action to Southern District of Ohio where the majority of witnesses was located).

Furthermore, the interests of justice are advanced by transferring this action. In Defendants' Motion, they applied a series of private and public factors that the courts utilize in analyzing the interests of justice prong.[7] Plaintiff's Opposition does little to rebut Defendants' contention that the Southern District of New York is a more appropriate forum for this action. As previously established, the situs of material events occurred in New York and Connecticut, not in Indiana. See Def. Br. at pp.18-19; supra at pp 8, 11.

Plaintiff's reference to Rule 45 of the Federal Rules of Civil Procedure is also unavailing. Although Plaintiff accurately states that Rule 45 eliminates the need for a party to domesticate a subpoena for deposition or documents in another state, the Rule does not provide a mechanism of

---

[7] The private factors are (1) The plaintiff's choice of forum; (2) the situs of material events; (3) ease of access to sources of proof; (4) the availability of compulsory process for the attendance of unwilling witnesses; and (5) the convenience of the parties and their ability to bear the expenses of litigation in a particular forum. See Int'l Truck and Engine Corp. v. Dow-Hammond Trucks, Co., 221 F. Supp.2d 898, 904-906 (N.D. Ill. 2002). The public factors include (1) the relationship of the community to the issue of the litigation; (2) the court's familiarity with the applicable law; and (3) congestion of the respective court dockets. Id. at 905.

direct enforcement of any such subpoena by this Court in the foreign state or provide for the service or enforcement of trial subpoenas. See Advance Relocation & Storage, Inc. v. Wheaton Van Lines, Inc., No. CV 99-2491, 2000 WL 33155640, *7 (S.D.N.Y. Sep. 15, 2000); Rozzetti v. Tucker, No. 2:00CV395K, 2000 WL 33710840 (D. Utah 2000); FED. R. CIV. P. 45(a)(2).

Defendants are aware that courts assume that a corporate party will ensure that its non-party employees will appear for trial and any other fact finding proceeding. However, when, as here, these employees are numerous and all reside and/or work in New York, the financial burden of defending this case in Indiana becomes unreasonable. See Gemological Institute of America, Inc. v. Thi-Dai Phan, 145 F. Supp.2d 68, 74 (holding that costs associated with litigating in a distant forum is a relevant consideration in a § 1404(a) motion); Kline v. Consolidated Rail Corp., 461 F. Supp. 326, 328 (E.D. Penn. 1978) (holding that the high cost of ensuring the attendance of its four witnesses in another judicial district outweighed the deference given to the plaintiff's choice of forum); see also Volkswagon Aktiengesellschaft v. Dee Engineering, Inc., No. 1:02-CV-1669-LJM, 2003 WL 1089515, *4 (S.D. Ind. Mar. 4, 2003) (holding that live testimony is heavily preferred over deposition testimony at trial).[8]

Additionally, for those individuals who are no longer employees of Hennessee Group (or never were employees), this Court will have no way of compelling their attendance. On the other hand, Plaintiff's potential witnesses, including McGuire and the investment committee members, all reside outside of the Southern District of Indiana and are already forced to bear the travel expense. Plaintiff has not identified a single material witness that resides in the Southern District of Indiana. Defendants' concerns are at the very heart of a § 1404(a) motion and should

---

[8] Plaintiff stated that, in addition to the named Defendants, Charles Gradante and Lee Hennessee, Hennessee Group employed seven other analysts. Under Plaintiff's analysis, it is wrongly presumed that Hennessee Group can bring all nine of these individuals to Indiana in the event this case moves forward to trial.

not be overlooked in this case. Otherwise, Defendants and their witnesses will be forced to incur substantial inconvenience and financial hardship.

Plaintiff's Opposition raises other points under the "interests of justice" prong of § 1404(a) that are either inaccurate or misleading. Specifically, Plaintiff stated that Defendants "do not dispute 'the applicability of Indiana law to any of Plaintiff's claims.'" See Pl. Opposition at 31. In actuality, Defendants statement was "<u>without</u> disputing the applicability of Indiana law to any of Plaintiff's claims." See Def. Br. at p. 22. Defendants categorically deny that Indiana law has any application to this case because all of the material events occurred elsewhere. Defendants did not address the applicability (or inapplicability) of Indiana law to Plaintiff's claims because, when confronted with § 1404(a) motions, transferee courts are obligated to apply the state law that would have been applied had there been no change of venue. See <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 639-640 (1964) (citations omitted).

Finally, Plaintiff attached the U.S. District Court Judicial Caseload Profile to its Opposition for the proposition that, in 2005, judges in the Southern District of New York had over 150 more pending cases than judges in the Southern District of Indiana. See Pl. Opposition at p. 32. However, Plaintiff failed to note that, according to its own Exhibit, in 2005, the average duration of a case from <u>filing to disposition</u> was nearly two months shorter in the Southern District of New York and that that the average duration of a case from <u>filing to trial</u> was three months shorter in the Southern District of New York. See Exhibit C. These 2005 statistics either slightly favor the Southern District of New York or are essentially neutral as between the two forums. In any event, the convenience of the parties and the witnesses control here because they so strongly favor transfer to the Southern District of New York.

Accordingly, in the event that the Court determines that venue is proper, Defendants respectfully request that the Court, pursuant to § 1404(a), transfer this action to the Southern District of New York for the convenience of the parties, the witnesses and in the interest of justice.

WHEREFORE, Defendants respectfully request that the Court enter an Order dismissing this action or, in the alternative, transferring the action to the Southern District of New York.

Respectfully submitted,

| | |
|---|---|
| s/Lee B. McTurnan | s/Bennett Falk |
| s/Anne L. Cowgur | s/Matthew Wolper |
| MCTURNAN & TURNER | BRESSLER, AMERY & ROSS, P.C. |
| 2400 Market Tower | 2801 SW 149th Avenue, Suite 300 |
| 10 West Market Street | Miramar, Florida 33027 |
| Indianapolis, Indiana 46204 | |

Attorneys for Defendants Hennessee Group
LLC, Charles Gradante and E. Lee Hennessee

13

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 31st day of January, 2006, a copy of the foregoing Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, Motion to Transfer Venue to the Southern District of New York was filed electronically. Notice of this filing will be sent to the following persons by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        David K. Herzog
        Matthew T. Albaugh
        Baker & Daniels
        300 North Meridian Street, Suite 2700
        Indianapolis, Indiana 46204

        s/Matthew Wolper_____
        An Attorney for Defendants Hennessee Group,
        LLC, Charles Gradante, and E. Lee Hennessee