# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| _____ : | |
| DEPAUW UNIVERSITY, : | CASE NO.: 2:05-cv-0249-RLY-WGH |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | |
| : | |
| HENNESSEE GROUP LLC, : | |
| CHARLES GRADANTE and : | |
| E. LEE HENNESSEE, : | |
| : | |
| Defendants. : | |
| _____ : | |

## DEFENDANTS' MOTION TO STAY PROCEEDINGS AND DISCOVERY PENDING RESOLUTION OF THE MOTION TO TRANSFER RELATED CASES NOW BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION AND MOTION IN THIS COURT TO DISMISS OR TO TRANSFER

Defendants Hennessee Group, LLC, Charles Gradante and E. Lee Hennessee (collectively, "Defendants"), by their attorneys, move for entry of an Order staying proceedings and discovery in this case pending resolution of the following motions: (i) the Motion to Transfer All Related Cases to the United States District Court, District of Connecticut filed in the Judicial Panel on Multidistrict Litigation, MDL Docket No. 1755; and (ii) Defendants' Motion in this Court to "Dismiss For Lack Of *In Personam* Jurisdiction And Improper Venue, Or, In The Alternative, Motion To Transfer Action To The Southern District Of New York." In support of this motion to stay proceedings and discovery, Defendants state:

1. On or about October 10, 2005, Plaintiff DePauw University ("Plaintiff"), an Indiana resident, filed the Complaint against Defendants, all domiciliaries of New York. The Complaint alleges that, in connection with providing investment advisory services to Plaintiff,

Defendants violated federal and state securities laws, breached the terms of the Investment Advisory Agreement entered into between the parties and breached fiduciary duties to Plaintiff. Plaintiff's allegations relate to its investment in the Bayou No Leverage Fund – a hedge fund ("Bayou Fund").

2. On or about November 17, 2005, the Broad-Bussel Family Limited Partnership, Marie Louis Micholsohn, Michelle Micholsohn and Herbert Blaine Lawson, Jr. filed a Class Action Complaint in the District of Connecticut against multiple defendants, including Bayou Group, LLC, Bayou Management, LLC, several Bayou operated hedge funds, including the Bayou Fund, Samuel Israel III, Daniel Marino, Hennessee Group LLC, Charles Gradante, Elizabeth Lee Hennessee, Sterling Stamos Capital Management and other individual and corporate defendants ("Class Action Complaint"). The allegations in the Class Action Complaint also relate to the class plaintiffs' investment in various hedge funds managed by Bayou Management, LLC.

3. On or about December 29, 2005, "The Broad-Bussel Plaintiffs' Motion To Transfer Related Cases And For Coordination Of Pretrial Proceedings In A Single Forum Under 28 U.S.C. § 1407" was filed before the Judicial Panel on Multidistrict Litigation, MDL Docket No. 1755. That filing seeks to have this lawsuit and at least two others, all of which involve allegedly fraudulent statements about the Bayou Fund, transferred to the United States District Court for the District of Connecticut "for coordination of pretrial proceedings in a single forum." Attached hereto as Exhibit A is a copy of the motion to transfer related cases. Attached hereto as Exhibit B is a letter with instructions and scheduling information from the Chief Deputy Clerk of the Judicial Panel on Multidistrict Litigation.

4. Although Defendants' response to the motion to transfer related cases was titled an "Opposition," Defendants did not, and do not, object to the consolidation for pretrial proceedings. Defendants' express purpose in their response was to preserve all arguments raised in the pending motion before this Court and that to notify the Panel that, in the event of a remand for trial, the proper venue for this case is the Southern District of New York. Plaintiff's response was the only objection by any party in any of the affected lawsuits to the requested transfer of related cases. A hearing on the motion to transfer related cases is scheduled for March 30, 2006.

5. On or about January 6, 2006, Defendants moved to dismiss this Southern District of Indiana lawsuit or, alternatively, to transfer the case to the Southern District of New York. The grounds for that motion are that: (i) this Court lacks personal jurisdiction over Defendants and venue is improper in the Southern District of Indiana because all material events serving as the basis for Plaintiff's complaint occurred outside Indiana; and (ii) to the extent that the Indiana court determines that jurisdiction and venue are proper, the convenience of the parties and the witnesses, and the interests of justice, are best served by transferring this case to the Southern District of New York where the majority of material events occurred, and the majority of documents and witnesses reside or are within the court's subpoena power.

6. This Court has set a telephonic pretrial conference for March 8, 2006 and requires that by March 3, 2006, the parties submit their case management plan proposal or, as the case may be, separate proposals. The proposed stay would, of course, apply to the March 8 conference and case management scheduling.

7. If the Judicial Panel for Multidistrict Litigation grants the motion to transfer this case to Connecticut for pretrial proceedings this Court will be divested of any jurisdiction it has over pretrial proceedings. If this Court either grants the motion to dismiss or transfers this case

3

to the Southern District of New York, it will relinquish any jurisdiction it may have over this case. Under either scenario, any case management plan entered by this Court will be moot. Thus, the parties' efforts to develop joint or separate case management plans, and the Court's consideration of a proposed plan or plans, may well be mooted by a ruling on either of these two motions. In addition, to the extent that the parties proceed here with discovery, such discovery may have to be repeated in the Multidistrict Litigation. There is also a risk that the parties and this Court will engage in discovery disputes that are later to be reconsidered by the Judicial Panel for Multidistrict Litigation or, if this Court grants Defendants' motion to dismiss or to transfer, the Southern District of New York. Consequently, the Court should stay pretrial proceedings and discovery pending the resolution of these threshold issues and avoid an unnecessary waste of the parties' and the Court's time and resources.

8. "The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Walker v. Merck & Co., Inc.*, 2005 U.S. Dist. LEXIS 13693 (S.D. Ill., June 22, 2005), quoting *Landis v. North American Co.*, 299 U.S. 248, 254, 81 L.Ed. 153, 57 S.Ct. 163 (1936); *see also American Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 U.S. Dist. LEXIS 7374 (E.D. Penn., May 6, 1992) (The Court's power to stay "derives from and is incidental to the power of every court to manage the cases on its docket to ensure a fair and efficient adjudication."), citing *Gold v. Johns Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983).

9. Many federal district courts have exercised this inherent authority to stay pretrial proceedings and discovery pending the Judicial Panel on Multidistrict Litigation's ruling on a motion to transfer related proceedings. *See, e.g., Hotseller v. Pfizer, Inc.*, 2005 U.S. Dist. LEXIS

4

5505 (S.D. Ind., Jan. 6, 2005); *Buie v. Blue Cross & Blue Shield of Kansas City, Inc.*, 2005 U.S. Dist. LEXIS 35783 (W.D. Mo., Sept. 13, 2005) ("interests of justice and efficiency would be served by a stay."); *Bd. Of Trustees of Teachers' Retirement System of the State of Ill. V. Worldcom, Inc.*, 244 F. Supp.2d 900 (N.D. Ill. 2002). In *Walker*, the Court granted a motion to stay pending the ruling on the motion to transfer related case and noted that absent a stay, the defendant "would be unnecessarily prejudiced by duplicative discovery and motion practice" although, conversely, "Plaintiffs would suffer minimal or no prejudice" as a result of the stay. 2005 U.S. Dist. LEXIS 13693. In *American Seafood*, 1992 U.S. Dist. LEXIS 7374, the Court entered a stay on the basis of the pending motion for Multidistrict Litigation but further noted that "the district court has the inherent power to stay discovery pending dispositive motions or preliminary questions of jurisdiction," such as Defendants' motion before this Court to dismiss or, alternatively, to transfer this case to the Southern District of New York.

10. On February 14, 2006, Defendants' counsel spoke with David Herzog, counsel for Plaintiff, and requested his consent to this request for a stay of proceedings pending rulings on the aforementioned motions. In addition, Defendants' offered to work with Plaintiff on an agreement with respect to preservation of documents to allay any concerns that they would be prejudiced by the stay of discovery and other proceedings through a loss of evidence. Mr. Herzog stated that Plaintiff would object to a stay. Nevertheless, if this Court does issue the requested stay Defendants will again extend the same offer to the Plaintiffs with respect to preservation of documents.

WHEREFORE, Defendants respectfully request that the Court enter an Order staying all proceedings in this case pending rulings on the Motion To Transfer Related Cases in the Judicial Panel for Multidistrict Litigation and on the Motion to Dismiss before this Court.

5

Respectfully submitted,

| | |
|---|---|
| *s/Lee B. McTurnan* | *s/Bennett Falk* |
| *s/Wayne C. Turner* | *s/Brian Amery* |
| *s/Anne L. Cowgur* | *s/Matthew Wolper* |
| Lee B. McTurnan | Bennett Falk |
| Wayne C. Turner | Brian Amery |
| Anne L. Cowgur | Matthew Wolper |
| MCTURNAN & TURNER | BRESSLER, AMERY & ROSS, P.C. |
| 2400 Market Tower | 2801 SW 149th Avenue, Suite 300 |
| 10 West Market Street | Miramar, Florida 33027 |
| Indianapolis, Indiana 46204 | |

Attorneys for Defendants Hennessee Group
LLC, Charles Gradante and E. Lee Hennessee

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 24 day of February, 2006, a copy of the foregoing Motion to Stay and Discovery Proceedings Pending Resolution of the Motion to Transfer Related Cases Before the Panel on Multidistrict Litigation and the Motion In This Court to Dismiss or to Transfer was filed electronically. Notice of this filing will be sent to the following persons by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> David K. Herzog
> Matthew T. Albaugh
> Baker & Daniels
> 300 North Meridian Street, Suite 2700
> Indianapolis, Indiana 46204

> _____s/Lee B. McTurnan_____
> An Attorney for Defendants Hennessee Group,
> LLC, Charles Gradante, and E. Lee Hennessee