UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEPAUW UNIVERSITY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CASE NO: 2:05-cv-0249-RLY-WGH |
| HENNESSEE GROUP LLC, | ) |
| CHARLES GRADANTE, and | ) |
| E. LEE HENNESSEE, | ) |
| | ) |
| Defendants. | ) |

## DEPAUW'S OPPOSITION
## TO DEFENDANTS' MOTION TO STAY PROCEEDINGS

### I. INTRODUCTION

The defendants (collectively, "Hennessee") want the Court to keep this now 4 ½-month-old case on hold pending rulings on their motion to dismiss or transfer and an MDL Panel's ruling on a motion to consolidate. At the same time they continue to make arguments that presume this case will be litigated, however, the defendants also purport to reserve the right to move to compel arbitration "at an appropriate time."[1] What's going on here is simple: Hennessee wants delay, and wants to keep its arbitration option open while it causes delay in this Court based on arguments that presume we will be litigating rather than arbitrating.

Under the Court's January 25, 2006 Notice and Order, the parties are to meet and confer pursuant to FRCP 26(f) and to file a Case Management Plan by March 3, 2006. DePauw has requested Hennessee to meet and confer and has prepared and submitted to Hennessee a

---
[1] *See* Hennessee's January 31, 2006 Reply Brief at 3 n.2.

- 1 -

proposed Case Management Plan. Hennessee has declined to meet or to respond to the proposed Plan. Accordingly, DePauw is submitting its proposed Plan unilaterally.

DePauw was among the first, if not the first, to commence an action against Hennessee in the wake of the Bayou Fund melt-down because DePauw wants, and is entitled, to vindicate its rights against the advisor that caused DePauw to invest in this scam, and because DePauw believes that delay in pursuing its rights against the advisor may be prejudicial. DePauw respectfully submits that 4 ½ months is enough time for Hennessee to get moving. The fact that two motions that *may* impact the case are pending does not warrant still more delay and resulting prejudice to DePauw. For the reasons discussed below, the Court should deny Hennessee's motion to stay and allow this case to proceed.

## II. DISCUSSION

**Hennessee's Motion to Dismiss or Stay.** Hennessee first argues that its pending motion to dismiss or transfer warrants a stay of discovery and other proceedings in this case. We submit that that argument is at odds with the Court's January 25th Order, which the Court issued weeks after the defendants moved to dismiss, and after DePauw had filed its opposition to the motion. DePauw understood that, by ordering the parties to conduct a 26(f) conference, to prepare and submit a Case Management Plan, and to appear at a pre-trial conference on March 8, the Court was recognizing that this case can proceed notwithstanding the pendency of Hennessee's motion. And the Court obviously has the authority to manage its docket, to set schedules, and otherwise to direct the conduct of the parties while it considers the defendants' jurisdictional challenge.

More importantly, Hennessee's motion to dismiss is demonstrably without merit such that a stay pending the Court's ruling is not warranted in any event. As DePauw

demonstrated in its opposition brief and affidavit, the fact that DePauw's Complaint includes a claim under the Securities Exchange Act of 1934 means that Hennessee is subject to nationwide service of process. In the Seventh Circuit, that means that the defendants are subject to jurisdiction in this forum <u>so long as they have minimum contacts with the United States</u>. *See United Rope Distribs. v. Seatriumph Marine*, 930 F.2d 532, 534 (7th Cir. 1991); and *Miller Pipeline Corp. v. British Gas*, 901 F. Supp. 1416, 1421-22 (S.D. Ind. 1995) (to satisfy national-contacts test, "due process requires only that the defendant possess sufficient contacts with the United States.") (citation omitted). Similarly, the '34 Act torpedoes Hennessee's argument that venue is not proper in this district. Under 15 U.S.C. § 78aa, "all that is required is but one act within the forum district which represents more than an immaterial part of the allegedly illegal events." *Bath Indus., Inc. v. Blot*, 427 F.2d 97, 114 (7th Cir. 1970). A single act committed within the district in furtherance of a scheme to defraud is sufficient. *Firemen's Annuity & Ben. Fund of Chicago v. Union Planters Nat'l Bank*, No. 87-C-106, 1987 WL 4990, at *2 (N.D. Ill. June 1, 1987). The act need not constitute the core of the violation; nor need it be illegal, as long as it was more than an immaterial part of the alleged violation. *Id.*; *see also Lefever v. Vickers*, 613 F. Supp. 352, 353 (D. Colo. 1985); *S-G Securities, Inc. v. Fuqua Inv. Co.*, 466 F. Supp. 1114, 1121 (D. Mass. 1978); *Burkhart v. Allison Realty Trust*, 363 F. Supp. 1286, 1292 (N.D. Ill. 1973). As such, "venue will be sustained in a securities case where a defendant causes false or misleading information to be transmitted into a judicial district [exactly as Hennessee did here], even if the defendant never has been physically present in that district." *Firemen's Annuity & Ben. Fund of Chicago*, 1987 WL 4990, at *2; *Como v. Commerce Oil Co., Inc.*, 607 F. Supp. 335, 341-42 (S.D.N.Y. 1985); *Oxford First Corp. v. PNC Liquidating Corp.*, 372 F. Supp. 191, 197 (E.D. Pa. 1974). Any non-trivial act in the forum district that facilitates the securities law

violation is adequate to establish venue. *Marberg v. Chancellor*, No. 93-C-6739, 1994 WL 48600, at *2 (N.D. Ill. Feb. 16, 1994) (citation omitted).

Further, as discussed in DePauw's opposition to Hennessee's motion to dismiss or transfer, throughout the course of the defendants' two-year business relationship with DePauw, the defendants had systematic, continuous, and focused contacts with Indiana—the most important of which for jurisdictional purposes was their transmission to DePauw for consideration by the Investment Committee of DePauw's Board of Trustees of a written investment recommendation that was riddled with false and misleading representations and omissions about the Bayou Fund, its principals, its historic performance, and its auditor, and about Hennessee's claimed due diligence concerning all that information. Hennessee has not denied that its recommendation contained falsehoods; given the public record that already exists, it cannot. So Hennessee has ample contacts with this forum to support jurisdiction and venue even under a traditional personal-jurisdiction analysis.

Given the settled body of law under the '34 Act and the equally sufficient bases for jurisdiction and venue under the more general minimum-contacts analysis, we submit that Hennessee's motion to dismiss or stay is simply a component of Hennessee's delaying strategy and not a reason to block DePauw from moving forward to try to vindicate its rights.

**MDL Motion.** Nor does the pendency of a motion to transfer for pretrial consolidation (the "MDL Motion") filed by unrelated plaintiffs in a class action against the Bayou entities, their principals, and others (including Hennessee) warrant a stay of proceedings in this case. DePauw has filed a brief in opposition to the MDL Motion. To the extent this Court wishes to review the issues raised in the MDL Motion and DePauw's positions on them, DePauw

has attached a copy of its opposition brief (without exhibits) for the Court's convenience. (*See* Ex. A.)

Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation states:

> The pendency of a motion . . . before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 *does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court*.

(Emphasis added.) To the contrary, because it retains jurisdiction during the pendency of the motion to transfer, this Court should neither "automatically stay discovery . . . postpone rulings on pending motions, [n]or generally suspend further proceedings." *Manual for Complex Litigation* § 20.131 (4th Ed.). This is especially true regarding threshold matters such as preliminary discovery and jurisdictional issues. *See, e.g.*, *Davis v. Coopers & Lybrand*, No. 90-C-7173, 1991 WL 211288, at *1 (N.D. Ill. Oct. 11, 1991) (court rejected motion to stay pending ruling on MDL transfer motion because "there was no reason to delay any discovery that would inevitably have been required in whatever court the action would proceed").[2]

The MDL Motion has been fully briefed and is set for argument on March 30, 2006.[3] We do not know when the Panel will rule on the matter. In the meantime, however, as

---

[2] The lone case cited by the defendants from this district, *Hotseller v. Pfizer, Inc.*, No 04-CV-1956, 2005 WL 756224, at *2 (S.D. Ind. Jan. 6, 2005), does not support the Hennessee's argument. In *Hotseller*, the court actually lifted a stay in order to resolve a threshold issue of subject-matter jurisdiction. Moreover, the Court noted at the outset of its opinion in *Hotseller* that "this court does not consider the discussion in this Entry to be sufficiently novel or instructive to justify commercial publication or the subsequent citation of it in other proceedings." *Id.* at 1 n.1 (emphasis added).

[3] As set forth more fully in its attached brief opposing the MDL Motion, given the small number of cases sought to be consolidated and the straightforward nature of DePauw's claims (against Hennessee alone) and of the discovery they will entail, DePauw believes that the MDL Motion is not well-taken, and DePauw will argue as much on March 30. The class action in which the MDL movants seek to have other cases consolidated (for pretrial proceedings only) is brought by other investors in various Bayou funds and focuses primarily on the

set forth in the proposed Case Management Plan that DePauw is filing concurrently, the matters that can and should be accomplished between now and mid-April 2006 in this case include at a minimum the following:

- Completion of a Case Management Plan;
- The initial pretrial conference scheduled for March 8, 2006;
- The parties' submission of Initial Disclosures; and
- The parties' submission of Preliminary Witness and Exhibit Lists.

These matters are neither controversial nor particularly time-consuming, and the parties must address them sooner or later. Given the fact that DePauw filed this case on October 12, 2005, and has yet to be able to take even the first step toward addressing the merits, we submit that sooner is more fair. Further, since DePauw so far has not been permitted even to *serve* discovery, no discovery disputes can arise for at least six weeks if not longer (the time it takes to serve discovery, receive responses if there is no extension, which of course would be unusual, and then confer pursuant to Rule 37 in an effort to resolve the matter informally). By that time the MDL Panel should have decided whether to consolidate the case or, as we request, leave DePauw free to pursue its claims against Henneesee in this Court. In either event, we will have made productive use of the time, and Hennessee will not have been put to any burden or expense that is not inevitable in the case anyway, irrespective of where pretrial proceedings are conducted.

        The defendants' argument that they "offered to work with [DePauw] on an agreement with respect to preservation of documents to allay any concerns that they [sic] would be prejudiced by the stay of discovery and other proceedings through a loss of evidence" (Defs.'

---

conduct of Bayou and its managers, which are, respectively, now-defunct entities in receivership or individuals who have pled guilty to multiple crimes and are awaiting sentencing. (*See* Ex. A.)

Motion ¶ 10) is unavailing and frankly odd. As soon as the defendants became aware of this litigation, they were under a duty to preserve all relevant evidence, and that duty continues. *See generally Sallenger v. City of Springfield*, No. 03-3093, 2005 WL 2001502, at *28 (C.D. Ill. Aug. 4, 2005) (holding that "a defendant owes a duty of care to preserve evidence 'if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action'") (citation omitted). If DePauw needs to have "concerns" because Hennessee has not agreed to preserve evidence, then Hennessee has more to worry about than DePauw's claims on the merits.

Case 5:06-cv-02430-RMW Document 3-4 Filed 05/03/2006 Page 7 of 9
Case 1:06-cv-00249-LJM-WGH Document 29-1 Filed 03/20/2006 Page 7 of 9

- 7 -

### III. CONCLUSION

Staying proceedings in this case pending rulings on Hennessee's motion to dismiss or stay and the Panel's ruling on the MDL Motion will not protect Hennessee from any avoidable burden or expense, will result in additional delay during which the parties could and should be accomplishing threshold tasks that are necessary in any event, and may—DePauw believes will—prejudice DePauw's ultimate ability to obtain the relief to which it is entitled. Accordingly, DePauw respectfully requests that the Court deny Hennessee's motion to stay and allow DePauw to pursue its claims in this forum unless and until the MDL Panel decides that further pretrial proceedings should be administered elsewhere.

Respectfully submitted,

BAKER & DANIELS LLP

/s/ Matthew T. Albaugh
David K. Herzog
Matthew T. Albaugh
BAKER & DANIELS LLP
300 North Meridian, Suite 2700
Indianapolis, IN 46204
PH: (317) 237-0300
FAX: (317) 237-1000
david.herzog@bakerd.com
matthew.albaugh@bakerd.com

*Attorneys for DePauw University*

## CERTIFICATE OF SERVICE

        The undersigned counsel hereby certifies that on the 1st day of March, 2006, a copy of the foregoing *DePauw's Opposition To Motion To Stay* was electronically filed. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        Bennett Falk
        Brian Amery
        Mathew Wolper
        BRESSLER, AMERY & ROSS, P.C.
        2801 SW 149th Avenue, Suite 300
        Miramar, Florida 33027

        Lee B. McTurnan
        Wayne C. Turner
        Anne L. Cowgur
        MCTURNAN & TURNER
        2400 Market Tower
        10 West Market Street
        Indianapolis, Indiana 46204

        /s/ Matthew T. Albaugh
        Matthew T. Albaugh

BDDB01 4331357v1