## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DEPAUW UNIVERSITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO: 2:05-cv-0249-RLY-WGH |
| HENNESSEE GROUP LLC, | ) | |
| CHARLES GRADANTE, and | ) | |
| E. LEE HENNESSEE, | ) | |
| | ) | |
| Defendants. | ) | |

### DEPAUW'S PROPOSED CASE MANAGEMENT PLAN

Plaintiff, DePauw University ("DePauw" or "the University"), submits this Case

Management Plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule

16.1(d) and the Court's Order Requiring Discovery Conference, dated January 25, 2006:

## I.     Parties and Representatives

A.     Plaintiff:

DePauw University

Defendants:

Hennessee Group LLC, Charles Gradante and E. Lee Hennessee

B.     Plaintiff's Counsel:

David K. Herzog
Matthew T. Albaugh
BAKER & DANIELS LLP
300 North Meridian, Suite 2700
Indianapolis, IN 46204
PH: (317) 237-0300
FAX: (317) 237-1000
david.herzog@bakerd.com
matthew.albaugh@bakerd.com

Defendants' Counsel:

Bennett Falk
Brian Amery
Mathew Wolper
BRESSLER, AMERY & ROSS, P.C.
2801 SW 149th Avenue, Suite 300
Miramar, Florida 33027
PH:  (954) 499-7979
bfalk@bressler.com
bamery@bressler.com
mwolpar@bressler.com

Lee B. McTurnan
Wayne C. Turner
Anne L. Cowgur
MCTURNAN & TURNER
2400 Market Tower
10 West Market Street
Indianapolis, Indiana 46204
PH: (317) 464-8181
FAX:  (317) 464-8131
lmcturnan@mtlitigation.com
wturner@mtlitigation.com
acowgur@mtlitigation.com

## II.     Synopsis of Case

A.     Plaintiff's Synopsis of Case

DePauw retained the services of defendant Hennessee Group to provide it with

expert hedge fund analysis, due diligence and investment recommendations.  In a written report

sent to DePauw, Hennessee Group recommended that DePauw invest $3.25 million in the Bayou

No Leverage Fund ("Bayou Fund").  As part of that recommendation, Hennessee Group made a

number of representations concerning the Bayou Fund's performance, its management, its risks,

its auditor, and the extensive diligence that Hennessee Group claimed to have done, all of which,

according to Hennessee Group, supported the investment recommendation.  DePauw accepted

Hennessee Group's recommendation and invested in the Bayou Fund.

Unbeknownst to DePauw, the Bayou Fund was a complete scam. The Bayou Fund's principals had fabricated their resumes, created fictitious investment results, and concocted a phony auditing firm. They have since pled guilty to fraud and conspiracy charges and face prison terms. The Fund is in receivership, and DePauw stands to recover a fraction of its original investment.

Hennessee Group misrepresented and omitted to disclose to DePauw material information about the Bayou Fund and about Hennessee Group's own due diligence concerning the fund and its principals – even misrepresenting the identity of the (fictitious) auditing firm that was purportedly auditing the Bayou Fund's activities.

DePauw sued Hennessee Group and its two Managing Principals, Gradante and Lee, and asserts claims (a) under the Indiana Securities Act, Ind. Code § 23-2-1-19, (b) for breach of fiduciary duty, (c) under the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and (d) for breach of contract. The Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. The Court also has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367 because Count III of the Complaint arises under the Securities Exchange Act of 1934, 15 U.S.C. § 78 j(b). Until the Bayou receivership proceeding is concluded, DePauw cannot specify the full extent of its compensatory damages.

## III.    Pretrial Pleadings and Disclosures

A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **March 15, 2006.**

B.    Plaintiff shall file preliminary witness and exhibit lists on or before **March 15, 2006**.

C.      Defendants shall file preliminary witness and exhibit lists on or before **April 15, 2006**.

D.      All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **March 30, 2006.**

E.      Plaintiff shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **March 30, 2006.** Defendants shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the demand.

F.      Plaintiff shall disclose the name, address, and vita of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) on or before **September 30, 2006**. However, if Plaintiff uses expert witness testimony at the summary judgment stage, such disclosures must be made no later than 60 days prior to the summary judgment deadline.

G.      Defendants shall disclose the name, address, and vita of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) within 30 days after Plaintiff serves its expert witness disclosure; or if none, Defendants shall make its expert disclosure on or before **October 31, 2006.** However, if Defendants use expert witness testimony at the summary judgment stage, such disclosures must be made no later than 30 days prior to the summary judgment deadline.

H.      Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than **60 days before trial**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56.1.

I.      All parties shall file and serve their final witness and exhibit lists on or before **November 30, 2006**.

J.      Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

## IV.    <u>Discovery and Dispositive Motions</u>

A.      DePauw believes that this case will be appropriate for summary judgment. The fraud that occurred at the Bayou Fund is not in dispute – the principals have pled guilty, and their

misdeeds are documented.  Further, the primary misrepresentations and omissions concerning the Bayou Fund that support DePauw's claims in this case were in writing and are demonstrably false and misleading.

        B.     DePauw believes this case is best suited to Track number 2:

        \_\_\_\_ Track 1: No dispositive motions are anticipated.  All discovery shall be completed[1] by _____ [no later than 16 months from Anchor Date].  [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a trial date (Section VI) substantially earlier than the presumptive trial date of 18 months from the Anchor Date.  The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

        **X** Track 2: Dispositive motions are expected and shall be filed by **September 30, 2006**; non-expert witness discovery and discovery relating to liability issues shall be completed by **August 31, 2006**; expert witness discovery and discovery relating to damages shall be completed by **November 15, 2006**.  [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

        \_\_\_\_ Track 3: Dispositive motions are expected and shall be filed no later than _____ [no later than 11 months from Anchor Date]; expert witness discovery that may be necessary at the dispositive motions stage shall be completed by _____ [no later than 7-10 months from Anchor Date]; all remaining discovery shall be completed by [no later than 12-16 months from Anchor Date].  [Note: The Court expects that this will not be the typical track when dispositive motions are anticipated.]

        \_\_\_\_ Track 4: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____.  [Note: The Court provides Track 4 as an

---

[1]  The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

open option because it recognizes that there may be unusual cases for
which special circumstances necessitate additional flexibility.  However,
the Court has found that Tracks 1-3 are appropriate in the large majority of
cases, and therefore the parties must briefly state below the special
circumstances justifying a departure from Tracks 1-3.]

**V.**     **Pre-Trial/Settlement Conferences**

A telephonic pre-trial conference has been scheduled for **March 8, 2006, at 9:15 a.m.,
Terre Haute time.**

**VI.**     **Trial Date**

DePauw requests a trial date in **January 2007**.  The trial is anticipated to take **3 days**.
No party has demanded a jury to date, but the deadline for doing so has not yet passed.

**VII**     **Referral to Magistrate Judge**

At this time, all parties do not consent to refer this matter to the Magistrate Judge
pursuant to 28 U.S.C. § 636(b) and Federal Rules of Civil Procedure 73 for all further
proceedings including trial.

**VIII.**     **Required Pre-Trial Preparation**

    A.     **TWO WEEKS BEFORE  THE FINAL PRETRIAL CONFERENCE,** the
parties shall:

        1.     File a list of witnesses who are expected to be called to testify at trial.

        2.     Number in sequential order all exhibits, including graphs, charts and the
like, that will be used during the trial.  Provide the Court with a list of
these exhibits, including a description of each exhibit and the identifying
designation.  Make the original exhibits available for inspection by
opposing counsel.  Stipulations as to the authenticity and admissibility of
exhibits are encouraged to the greatest extent possible.

        3.     Submit all stipulations of facts in writing to the Court.  Stipulations  are
always encouraged so that at trial, counsel can concentrate on relevant
contested facts.

        4.     A party who intends to offer any depositions into evidence during the
party's case in chief shall prepare and file with the Court and copy to all
opposing parties either:

     a.     brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

     b.     if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.     Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.     Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

**B.**     **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE,** the parties shall:

1.     Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.     If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.     File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.     Notify the Court and opposing counsel of requests for separation of witnesses at trial.

Respectfully Submitted,

/s/ Matthew T. Albaugh_____
David K. Herzog
Matthew T. Albaugh
BAKER & DANIELS LLP
300 North Meridian, Suite 2700
Indianapolis, IN 46204
PH: (317) 237-0300
FAX: (317) 237-1000
david.herzog@bakerd.com
matthew.albaugh@bakerd.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

_____     PARTIES APPEARED IN PERSON/BY COUNSEL ON _____
                FOR A PRETRIAL/STATUS CONFERENCE.

_____     APPROVED AS SUBMITTED.

_____     APPROVED AS AMENDED.

_____     APPROVED AS AMENDED PER SEPARATE ORDER.

_____     APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE
                SHORTENED/LENGTHENED BY _____ MONTHS.

_____     APPROVED, BUT THE DEADLINES SET IN SECTION(S)
                _____ OF THE PLAN IS/ARE
                SHORTENED/LENGTHENED BY _____ MONTHS.

_____     THIS MATTER IS SET FOR TRIAL BY _____ ON _____
                _____. FINAL PRETRIAL
                CONFERENCE IS SCHEDULED FOR
                _____ AT
                _____ .M., ROOM _____.

_____     A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE
                FOR _____ AT _____ .M.
                COUNSEL SHALL APPEAR:

                _____ IN PERSON IN ROOM _____; OR

                _____ BY TELEPHONE, WITH COUNSEL FOR
                _____ INITIATING THE CALL TO ALL OTHER
                PARTIES AND ADDING THE COURT JUDGE AT (____)
                _____.

                _____ BY TELEPHONE, WITH COUNSEL CALLING THE
                JUDGE'S STAFF AT (_____) _____.

_____     DISPOSITIVE MOTIONS SHALL BE FILED NO LATER
                THAN _____ .

_____

_____

\_\_\_\_   _____

_____

_____

_____

_____

_____

_____         _____
Date                                      U. S. District Court
                                          Southern District of Indiana

Form Date:
December 2004

## CERTIFICATE OF SERVICE

       The undersigned counsel hereby certifies that on the 1st day of March, 2006, a copy of the foregoing *DePauw's Proposed Case Management Plan* was electronically filed. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

       Bennett Falk
       Brian Amery
       Mathew Wolper
       BRESSLER, AMERY & ROSS, P.C.
       2801 SW 149th Avenue, Suite 300
       Miramar, Florida 33027

       Lee B. McTurnan
       Wayne C. Turner
       Anne L. Cowgur
       MCTURNAN & TURNER
       2400 Market Tower
       10 West Market Street
       Indianapolis, Indiana 46204

       /s/ Matthew T. Albaugh
       Matthew T. Albaugh