# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

|  |  |
|---|---|
| DEPAUW UNIVERSITY, | CASE NO.: 2:05-cv-0249-RLY-WGH |
| Plaintiff, |  |
| vs. |  |
| HENNESSEE GROUP LLC, CHARLES GRADANTE and E. LEE HENNESSEE, |  |
| Defendants. |  |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS AND DISCOVERY PENDING RESOLUTION OF THE MOTION TO TRANSFER RELATED CASES NOW BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION AND MOTION IN THIS COURT TO DISMISS OR TO TRANSFER

Defendants Hennessee Group, LLC ("Hennessee Group"), Charles Gradante and E. Lee Hennessee (collectively, "Defendants"), by their attorneys, file this Reply in support of their Motion to Stay Proceedings and Discovery Pending Resolution of the Motion to Transfer Related Cases Now Before the Judicial Panel on Multidistrict Litigation and Motion in this Court to Dismiss or to Transfer.

1. On February 24, 2006, Defendants filed their Motion to Stay proceedings and discovery pending the resolution of the following motions: (i) Motion to Transfer All Related Cases to the United States District Court, District of Connecticut filed in the Judicial Panel on Multidistrict Litigation, MDL Docket No. 1755 ("Motion to Transfer Related Cases"); and (ii) Defendants' Motion in this Court to "Dismiss For Lack Of *In Personam* Jurisdiction And Improper Venue, Or, In The Alternative, Motion To Transfer Action To The Southern District

Of New York" ("Motion to Dismiss or Transfer"). In support of their Motion to Stay, Defendants asserted that while the above-referenced motions are pending, either one of which will divest this Court of pretrial jurisdiction if granted (and total jurisdiction in the event the Motion to Dismiss or Transfer is granted), judicial economy and the time and resources of the parties and the Court are best served by staying all pretrial proceedings. A stay would accomplish continuity in the pretrial proceedings of this matter and would ensure that the parties' efforts are not mooted by a subsequent order of this Court or the Judicial Panel on Multidistrict Litigation ("JPMDL").

2. On March 1, 2006, Plaintiff filed its Opposition to Defendants' Motion to Stay Proceedings ("Opposition"). In its Opposition, Plaintiff does not address the concerns raised by Defendants in their Motion to Stay. Instead, Plaintiff used its Opposition as a platform to further argue its Opposition to Defendants' Motion to Dismiss or Transfer and to address the merits of the case. Plaintiff's focus on these points is completely inappropriate and only underscores the fact that there is no sound basis to oppose the motion.

3. Plaintiff further opposes the Motion to Stay on the ground that Rule 1.5 of the Rules of Procedure for the JPMDL does not divest or in any way limit this Court's pretrial jurisdiction while the JPMDL determines whether consolidation of the Bayou related cases is appropriate. Defendants agree that JPMDL Rule of Procedure 1.5 does not automatically limit the pretrial jurisdiction of this Court before consolidation is ordered. That is precisely the reason why Defendants filed a Motion to Stay. While this case is in its <u>initial</u> stages, there is minimal value in engaging in potentially unnecessary pretrial practice, including the completion of a detailed case management plan and the submission of Rule 26 Disclosures, when all efforts will be undone if either the Motion to Dismiss or Transfer or the Motion to Transfer Related Cases is

granted.[1]

4. Defendants will not repeat the arguments supporting their Motion to Dismiss or Transfer. Likewise, other than highlighting that Plaintiff was the only party that filed a substantive opposition to the Motion to Transfer Related Cases, Defendants also will not address the likelihood of success of that Motion because Defendants believe that the fact that no other party filed a substantive opposition speaks for itself.[2]

5. Defendants will address Plaintiff's premature attempts to prod Defendants regarding their intention to seek arbitration or remain in court. As a matter of law, Defendants are entitled to have the Court decide threshold jurisdiction and venue issues before they are required to exercise the rights afforded to them under the Investment Advisory Agreement, including the right to arbitration. Joy v. Hay Group, Inc., No. 02 C 4989, 2003 WL 22118930 (N.D. Ill. Sep. 11, 2003) (holding that judicial economy requires that threshold issues concerning jurisdiction and venue be heard at the earliest possible stage); Bank of California v. Smith Barney, Inc., No. 89-CV-551, 1997 WL 736529 (N.D.N.Y. October 31, 1997) (holding the same). Even Plaintiff concedes in its Opposition that the issues before this Court are "threshold" in nature. See Plaintiff's Opposition at p. 5.

6. Finally, Plaintiff's pejorative remarks regarding the preservation of documents are also inappropriate. In the spirit of cooperation, Defendants suggested that Plaintiff provide

---

[1] On February 28, 2006, the undersigned attempted to contact the Magistrate Judge's courtroom deputy in order to ascertain whether the parties were still required to a submit Case Management Plan (or individual plans) prior to the resolution of Defendants' Motion to Stay. The Magistrate Judge's clerk took the call and indicated that, in light of the Motion to Stay, the parties were not required to submit Case Management Plans. The undersigned contacted Matthew Albaugh, counsel for Plaintiff, and informed him of the same. On March 1st, Plaintiff unilaterally filed a Case Management Plan, which Defendants have not agreed to.

[2] As mentioned in Defendants' Motion to Stay, Defendants also filed an Opposition to the Motion to Transfer Related Cases. Defendants did not object to the transfer to Connecticut for "pretrial purposes." Rather, Defendants opposed the transfer for the sole purpose of preserving the arguments raised in their Motion to Dismiss or Transfer, including their argument that the Southern District of New York is the proper venue for this case should it be remanded for trial.

3

Defendants with a list of documents it intends to seek during discovery. Defendants agreed, subject to all future objections, to preserve each item until the parties began formal discovery. Despite Plaintiff's strained sarcasm, Defendants did not state or otherwise imply that documents would not be preserved.

7. Simply put, other than stating the obvious – that nobody knows for certain how the Motion to Dismiss or Transfer or the Motion to Transfer Related Cases will be decided – Plaintiff's Opposition does not refute the sound logic behind Defendants' request for a stay of these proceedings.

WHEREFORE, for the reasons stated herein and in Defendants' Motion to Stay, Defendants respectfully request that the Court enter an Order staying all proceedings in this case pending a ruling on the Motion To Transfer Related Cases in the Judicial Panel for Multidistrict Litigation and on the Motion to Dismiss before this Court.

Respectfully submitted,

| | |
|---|---|
| s/Lee B. McTurnan | s/Bennett Falk |
| s/Anne L. Cowgur | s/Matthew Wolper |
| Lee B. McTurnan | Bennett Falk |
| Wayne C. Turner | Brian Amery |
| Anne L. Cowgur | Matthew Wolper |
| MCTURNAN & TURNER | BRESSLER, AMERY & ROSS, P.C. |
| 2400 Market Tower | 2801 SW 149th Avenue, Suite 300 |
| 10 West Market Street | Miramar, Florida 33027 |
| Indianapolis, Indiana 46204 | |

Attorneys for Defendants Hennessee Group
LLC, Charles Gradante and E. Lee Hennessee

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of March, 2006, a copy of the foregoing "Defendants' Reply In Support of Motion to Stay Proceedings And Discovery Pending Resolution Of The Motion To Transfer Related Cases Now Before The Judicial Panel On Multidistrict Litigation And Motion In This Court To Dismiss Or To Transfer" was filed electronically. Notice of this filing will be sent to the following persons by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> David K. Herzog
> Matthew T. Albaugh
> Baker & Daniels
> 300 North Meridian Street, Suite 2700
> Indianapolis, Indiana 46204

> _____s/Anne L. Cowgur_____
> An Attorney for Defendants Hennessee Group,
> LLC, Charles Gradante, and E. Lee Hennessee