UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DEPAUW UNIVERSITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:05-cv-249-RLY-WGH |
| | ) | |
| HENNESSEE GROUP LLC, | ) | |
| CHARLES GRANDANTE and | ) | |
| E. LEE HENNESSEE, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S ORDER ON
INITIAL PRE-TRIAL CONFERENCE**

This matter came before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, by telephone, at 9:15 a.m., on March 8, 2006, for a conference under Rule 16, Federal Rules of Civil Procedure. The parties were represented by counsel.

Thereupon the following **ORDERS** are entered:

1. The Defendants' Motion to Stay Proceedings and Discovery filed February 24, 2006 (Docket No. 28), which is now fully briefed by the Response in Opposition filed on March 1, 2006 (Docket No. 29) and the Reply in Support filed on March 6, 2006 (Docket No. 31), is **GRANTED, in part,** and **DENIED, in part,** as the following schedule provides.

2. DePauw's Proposed Case Management Plan filed on March 1, 2006 (Docket No. 30) is **APPROVED, as amended in the following manner:**

   (a) Under Paragraph III(A), the parties shall serve their Fed.R.Civ.P. 26 initial disclosures on or before <u>March 30, 2006</u>.

(b) Other than initial disclosures, no other discovery shall take place until May 1, 2006. This is to allow a determination to be made as to whether this case will be made a part of multi-district litigation proceedings. However, in the event the multi-district litigation panel has not consolidated this case into that forum, the parties may commence discovery beginning May 1, 2006.

(c) Under Paragraph III(B), Plaintiff shall file preliminary witness and exhibit lists on or before <u>May 15, 2006</u>.

(d) Under Paragraph III(C), Defendants shall file preliminary witness and exhibit lists on or before <u>June 15, 2006</u>.

(e) Under Paragraph III(D), all motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before <u>July 1, 2006</u>.

(f) Paragraphs III(E) - (J) remain as proposed.

3. On or before May 1, 2006, the parties shall mutually exchange, and send a copy to the Magistrate Judge, a list of proposed private mediators to resolve this matter. In the event the parties are unable to agree to private mediation, this matter is set for a **SETTLEMENT CONFERENCE** on **THURSDAY, OCTOBER 19, 2006,** at 1:00 p.m., Terre Haute time (EDT), before the Magistrate Judge in Room 210, Federal Building, Terre Haute, Indiana. **(See attachment for particulars, including description of which client(s) must attend.)**

3. A trial date will be set at the conclusion of the settlement conference, if necessary.

This order has been formulated after a conference at which the respective parties have appeared. Any party shall file any corrections or additions within ten (10) days after receipt of this order.

**SO ORDERED.**

**Dated:** March 14, 2006

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

-2-

**Electronic copies to:**

Matthew Thomas Albaugh
BAKER & DANIELS
matthew.albaugh@bakerd.com

Anne L. Cowgur
MCTURNAN & TURNER
acowgur@mtlitigation.com

Bennett Falk
BRESSLER AMERY & ROSS P.C.
bfalk@bressler.com

David K. Herzog
BAKER & DANIELS
david.herzog@bakerd.com

Lee B. McTurnan
MCTURNAN & TURNER
lmcturnan@mtlitigation.com

Wayne C Turner
MCTURNAN & TURNER
wturner@mtlitigation.com

Matthew E. Wolper
BRESSLER AMERY & ROSS P.C.
mwolper@bressler.com

## SETTLEMENT CONFERENCES BEFORE
## U.S. MAGISTRATE JUDGE WILLIAM G. HUSSMANN, JR.

Unless excused by order of the court, clients or client representatives with complete authority to negotiate and consummate a settlement shall attend the settlement conference along with their counsel. This requires the presence of each party, or the authorized representative of each corporate, governmental, or other organizational entity. For a defendant, such representative must have final settlement authority to commit the organization to pay, **in the representative's own discretion,** a settlement amount up to the plaintiff's prayer, or up to the plaintiff's last demand, whichever is lower. For a plaintiff, such representative must have final authority, **in the representative's own discretion,** to authorize dismissal of the case with prejudice, or to accept a settlement in the amount of the defendant's last offer. Any insurance company that is a party, or is contractually required to defend or indemnify any party, in whole or in part, must have a fully authorized settlement representative present at the conference. Such representative must have final settlement authority to commit the company to pay, **in the representative's own discretion,** an amount within the policy limits, or up to the plaintiff's last demand, whichever is lower. If trial counsel has been fully authorized to commit the client to pay or to accept in settlement the amount last proposed by the opponent, **in counsel's sole discretion,** the client, client representative, or insurance company, as applicable, need not attend. Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this order. The purpose of this requirement is to have in attendance a representative who has both the authority to exercise his or her own discretion, and the realistic freedom to exercise such discretion without negative consequences, in order to settle the case during the settlement conference without consulting someone else who is not present.

Each party shall submit (not file) a confidential settlement statement directly to the Magistrate Judge no later than two business days prior to the conference, setting forth the relevant positions of the party concerning factual issues, issues of law, damages, and the settlement negotiation history of the case, including a recitation of any specific demands and offers that have been conveyed.

Any request to continue this conference must be in motion form and filed with the court no later than one week prior to the conference, except for emergencies.

**You are reminded of your obligation under Local Rule 16.1(c) which states: "Prior to all court conferences, counsel shall confer to prepare for the conference."**